**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Allen E. Elmore,                              )   No. CV 05-1222-PHX-MHM (LOA)
                                              )
                    Plaintiff,                )   **ORDER**
                                              )
vs.                                           )
                                              )
                                              )
Dora Schriro, et al.,                         )
                                              )
                    Defendants.               )
                                              )
                                              )

Pending before the Court is Plaintiff's Motion to Accelerate Plaintiff's Motion for Preliminary Injunction (Doc. #28).  The Motion will be granted to the extent that Respondents will be required to file a response to Plaintiff's Motion for Preliminary Injunction within ten days.

This action was removed by Defendants from the Maricopa County Superior Court on April 22, 2005.  In his Motion to Accelerate, Plaintiff notes that on April 11, 2005, he filed a Motion for Preliminary Injunction seeking "qualified health care."[1]  Motion to Accelerate at 2.  Plaintiff avers that his health has deteriorated since then and he therefore seeks a date certain for a hearing on his Motion for Preliminary Injunction.

---

[1]  Defendants did not attach a copy of Plaintiff's Motion for Preliminary Injunction to their Notice of Removal, but a copy of the Motion is included as Attachment No. 4 to Plaintiff's Notice of Additional Filings Before Removal (Doc. #6).  The Clerk of Court will be directed to remove Attachment No. 4 from Plaintiff's Notice and file it as a separate Motion for Preliminary Injunction so that it will appear as a pending motion on the docket.

In their Response to Plaintiff's Motion to Accelerate (Doc. #3), Defendants assert that they assumed that a response to Plaintiff's Motion for Preliminary Injunction was unnecessary because the Motion was filed in the state court prior to removal. Defendants' assumption is incorrect. "The longstanding principle is that '[a]fter removal, the federal court takes the case up where the State court left it off.'" Jenkins v. Commonwealth Land Title Ins. Co., 95 F.3d 791, 795 (9th Cir. 1996) (quoting Granny Goose Foods, Inc. v. Brotherhood of Teamsters Local 70, 415 U.S. 423, 436 (1974). In Jenkins, the United States Court of Appeals for the Ninth Circuit held that a pre-removal motion for extension was properly treated as a pending motion in federal court. Id. Plaintiff's Motion for Preliminary Injunction will also be treated as a motion pending in this Court and Respondents will be required to respond.

Defendants assert that they are unable to address the merits of Plaintiff's Motion prior to taking his deposition. They therefore ask for an extension of time to respond to Plaintiff's Motion for Preliminary Injunction until November 28, 2005. But Defendants do not explain why Plaintiff's deposition must precede their response to his Motion for Preliminary Injunction. In his Motion for Preliminary Injunction, Plaintiff claims that Defendants continued failure to follow the prescribed treatment plan for his AICD-Prizm implant device and failure to monitor his medication dosages threatens to cause him serious physical injuries. In light of the serious nature of these allegations and the fact that the Motion has been pending for more than five months, Defendants' request for an extension of time to respond is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Accelerate Plaintiff's Motion for Preliminary Injunction (Doc. #28) is **granted** to the extent that Respondents must respond to Plaintiff's Motion for Preliminary Injunction (filed on April 11, 2005) within ten days of the date this Order is filed.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **remove** Plaintiff's Motion for Preliminary Injunction (Attachment No. 4) from Plaintiff's Notice of Additional

1   Filings Before Removal (Doc. #6) and **file** it as a separate motion pending on the Court's

2   docket.

3         DATED this 29th day of September, 2005.

4

5

6   _____

7                    Mary H. Murgula
                United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28