**WO**                                                                                                    JDN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allen E. Elmore, | ) No. CV 05-1222-PHX-MHM (LOA) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Dora Schriro, et al., | ) |
| Defendants. | ) |

Pending before the Court are Plaintiff's Motion for Preliminary Injunction (Dkt. # 39) and his Inquiry on Pending Motion for Preliminary Injunction (Dkt. # 72). The Court will deny Plaintiff's request for injunctive relief.

**A.   Background**

Plaintiff filed a *pro se* Amended Complaint in the Maricopa County Superior Court in April 2005. See Elmore v. Schriro, et al., CV2005-0023541. On April 22, 2005 the action was removed to this Court (Dkt. # 1). In his Amended Complaint Plaintiff alleges that Defendant's failure to properly monitor his implanted heart defibrillator and his heart medications resulted in permanent or prolonged numbness in his hands and arms.[1] Plaintiff further alleges that, as a result of the denial of treatment, he has suffered headaches, blurred vision, tremors, loss of coordination, and loss of sleep. Plaintiff claims that Defendant's refusal to properly treat and monitor his medical condition amounts to deliberate indifference

---

[1] Plaintiff was implanted with an Automatic Implantable Cardioverter Defibrillator system in 2002 prior to his incarceration.

in violation of the Eighth Amendment.

Plaintiff's Motion for Preliminary Injunction, which was signed on April 6, 2005, contends that Defendants have denied Plaintiff the prescribed treatment plan for his implanted heart defibrillator for more than three months. He states that the treatment plan called for a check-up with a medical specialist in January 2005. The purpose of this January follow-up examination was to retrieve information from Plaintiff's medical implant device for review and possible adjustment of treatment. Plaintiff claims that he has yet to be scheduled for the requisite examination. Further, Plaintiff alleges that it has been approximately one year since he has received proper medical tests or eye exams despite his suffering from side effects associated with his medications. Plaintiff asserts that he has notified Defendants of these side effects. He seeks a preliminary injunction requiring Defendants to: (1) perform medical and/or laboratory tests to monitor his condition; (2) ensure that Plaintiff meets his cardiologist appointments, or in the alternative, ensure that a physician has access to and the means available to download information stored in Plaintiff's medical implant device and adjust treatment accordingly; (3) monitor Plaintiff's medication intake in accordance with proper medical standards; (4) train staff on his medication requirements; and (5) allow emergency medical services and hospital care to be provided immediately and without delay in the event of a heart failure. Plaintiff claims that without such relief he faces a substantial risk of organ damage and serious physical injury.

Pursuant to Court Order (Dkt. # 38), Defendants filed a Response to Plaintiff's Motion for Preliminary Injunction on October 17, 2005 (Dkt. # 40). Defendants argue that Plaintiff has failed to show a strong likelihood of success on the merits, or that he will suffer irreparable injury that cannot be remedied by damages. The Response claims that Plaintiff's implant device has been checked and blood tests have been conducted since the filing of the Plaintiff's Motion. Plaintiff then filed an "Inquiry on Pending Motion for Preliminary Injunction" in which he renews his Motion for Preliminary Injunction and states that he continues to be denied the level of health care he would receive outside of prison, and that his health has deteriorated (Dkt. # 72).

**B.     Legal Standard**

The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). "A preliminary injunction is not a preliminary adjudication on the merits, but a device for preserving the status quo and preventing the irreparable loss of rights before judgment." Textile Unlimited, Inc. v. A..BMH and Co., Inc., 240 F.3d 781, 786 (9th Cir. 2001). A request for injunctive relief requires that Plaintiff make a showing of "real or immediate threat" of injury. Hodgers-Durgin v. de la Vina 199 F.3d 1037, 1042 (9th Cir. 1999) (quoting City of Los Angeles v. Lyon, 461 U.S. 95, 111 (1983)). Plaintiff is entitled to preliminary injunctive relief only if he shows either: "'(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the movant's] favor. These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.'" MAI Sys. Corp. v. Peak Computer, Inc., 991 F.2d 511, 516-517 (9th Cir. 1993). Under either formulation of the test, the movant must demonstrate a significant threat of irreparable injury. AGCC v. Coalition for Economic Equity, 950 F.2d 1401, 1410 (9th Cir. 1991).

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'" Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). "To demonstrate that a prison official was deliberately indifferent to an inmate's serious . . . health needs, the prisoner must show that 'the official [knew] of and disregard[ed] an excessive risk to inmate health.'" Austin v. Terhune, 367 F.3d 1167, 1172 (9th Cir. 2004) (citing to Farmer v. Brennan, 511 U.S. 825, 838 (1994)). Delay of, or interference with, medical treatment can also amount to deliberate indifference. See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). However, "[m]ere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights.'" Id. Where the prisoner is alleging that delay of medical treatment evidences deliberate

1  indifference, however, the prisoner must show that the delay was harmful.  See Shapley v.
2  Nevada Bd. of State Prison Com'rs, 766 F.2d 404, 407 (9th Cir. 1985).  Further, "a mere
3  'difference of medical opinion . . . [is] insufficient, as a matter of law, to establish deliberate
4  indifference.'"  Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (citations omitted).
5       In Farmer, the U.S. Supreme Court addressed a request for an injunction to prevent
6  a substantial risk of serious injury from rising to actual harm.  Farmer, 511 U.S. 825.
7  Although Farmer concerned the safety of inmates and the duty to protect prisoners from
8  violence, as opposed to a medical claim, it is analogous because the Court applied the Eighth
9  Amendment deliberate indifference standard in its analysis.  The Court found that:

> to establish eligibility for an injunction, the inmate must demonstrate the continuance of that disregard during the remainder of the litigation and into the future.  In so doing, the inmate may rely, in the district court's discretion, on developments that postdate the pleadings and pretrial motions, as the defendants may rely on such developments to establish that the inmate is not entitled to an injunction.

13  Id. at 846.
14       Plaintiff's request for injunctive relief is based on the alleged denial and delay of
15  treatment for the three to four months immediately preceding the filing of the Motion for
16  Preliminary Injunction.  Plaintiff specifically seeks a check of his implant device, and
17  additional monitoring in the form of laboratory and medical tests.  In its Response,
18  Defendants outline the treatment provided to Plaintiff subsequent to the filing of Plaintiff's
19  Motion.  Plaintiff's implant devise was evaluated on April 6, 2005 and again on July 6, 2005.
20  Plaintiff also received another EKG in May 2005, and extensive blood tests in June 2005.
21  Defendants attached as an exhibit a copy of Plaintiff's deposition taken in September 2005
22  in which he admits that he is no longer suffering from tremors, and he started to see better.
23  As set forth in Farmer, Defendants may rely on these post-pleading developments to support
24  their contention that Plaintiff is not entitled to injunctive relief.
25       In his "Inquiry on Pending Motion for Injunctive Relief," which the Court construes
26  as a Motion to Renew, Plaintiff does not dispute that he received the treatment described by
27  Defendants since April 2005.  Although Plaintiff asserts that his "side effects and health, has
28  [sic] gone from bad to worse," he fails to allege any specific facts giving rise to the

1 possibility of irreparable injury (Inquiry at 1). As discussed *supra*, allegations demonstrating a significant threat of irreparable injury are a baseline requirement for a preliminary injunction.

The treatment requested in the Motion for Preliminary Injunction has now been provided. Plaintiff's Motion is therefore moot. The denial of Plaintiff's request for injunctive relief, however, is not an adjudication on the merits of the underlying claim, nor does it bar Plaintiff from filing any such requests in the future.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Preliminary Injunction (Dkt. # 39), and Plaintiff's Inquiry on Pending Motion for Preliminary Injunction (Motion to Renew) (Dkt. # 72) are **denied**.

DATED this 21[th] day of April, 2006.

_____
Mary H. Murguia
United States District Judge