WO **JWB**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Allen E. Elmore,  )  No. CV 05-1222-PHX-MHM (LOA)
            )
    Plaintiff,  )  **ORDER**
            )
vs.  )
            )
Dora Schriro, et al.,  )
            )
    Defendants.  )
            )

Before the Court is Defendant the State of Arizona's Motion for Summary Judgment (Doc. # 95). Plaintiff has not responded, although he was informed of his right and obligation to do so (Doc. # 104). The Court will grant the State's motion, dismiss the remaining Doe Defendants, and terminate this action.

**I.  Background**

The Court's August 14, 2006 Order granting summary judgment in favor of the other Defendants in this action details the background of this case. Plaintiff's remaining claims are: (1) constitutional and state law claims against Doe Defendants who have not been served; and (2) medical malpractice claims against the State of Arizona.

The State of Arizona has filed a Motion for Summary Judgment arguing that Plaintiff (1) failed to submit a notice of claim in violation of A.R.S. §12-821.01(A) and (2) did not offer any expert medical testimony to establish breach of the statutory standard of care and proximate causation in violation of A.R.S. §12-563(A)(1) and (2).

## II. Summary Judgment Standard

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). When considering a summary judgment motion, the evidence of the non-movant is "to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). These inferences are limited, however, "to those upon which a reasonable jury might return a verdict." Triton Energy Corp. v. Square D. Co., 68 F.3d 1216, 1220 (9th Cir. 1995).

Rule 56(c) mandates the entry of summary judgment against a party who, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial. Celotex, 477 U.S. at 322-23. Rule 56(e) compels the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial" and not to "rest upon the mere allegations or denials of [the party's] pleading." The nonmoving party must do more than "simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party. Anderson, 477 U.S. at 249. Summary judgment is warranted if the evidence is "merely colorable" or "not significantly probative." Id. at 249-50.

## III. Analysis

### A. Notice of Claim

A.R.S. §12-821.01(A) provides that "persons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity . . . within 180 days after the cause of action accrues." Plaintiff asserted a claim of medical malpractice against the State of Arizona in his First Amended Complaint (Doc. # 95, Ex. A). That medical malpractice claim centers around two episodes in late

1 September and early October 2004 where Plaintiff contends he did not receive appropriate
2 medical care for his heart condition.

3 The State of Arizona correctly argues that Plaintiff was required to submit a notice of
4 claim related to his medical malpractice claim within 180 days of when his cause of action
5 accrued. Here, because Plaintiff's claim accrued no later than October 2004, he would have
6 been required to submit a notice of claim no later than April 2005. Defendant has provided
7 two affidavits from employees of the State of Arizona who attest that there is no record of
8 any notice of claim from Plaintiff related to his medical malpractice claim (Doc. # 95, Exs.
9 C & D). Plaintiff, in failing to respond to Defendant's Motion for Summary Judgment, has
10 not presented any evidence that he complied with A.R.S. §12-821.01(A). As a result,
11 Defendant is entitled to summary judgment on this claim.

12 **B.    Absence of Expert Testimony**

13 Defendant has also moved for summary judgment on the ground that Plaintiff failed
14 to introduce expert testimony to support his medical malpractice claim as required by A.R.S.
15 § 12-821.01. Plaintiff acknowledged in his First Amended Complaint that expert testimony
16 would be required to support his claims (Doc. # 95, Ex. A at ¶ 15). Plaintiff's failure to
17 provide any expert testimony to support his claim requires a dismissal of Plaintiff's medical
18 malpractice claim against the State of Arizona. Accordingly, Defendant's Motion for
19 Summary Judgment will be granted.

20 **C.    Dismissal of Doe Defendants**

21 In the Court's December 20, 2006 Order, Plaintiff was required to show cause within
22 30 days why the unserved Doe Defendants should not be dismissed. Plaintiff has failed to
23 respond to the Court's Order to Show Cause. Plaintiff has had more than sufficient
24 opportunity to name the Doe Defendants and effect their service. As a result, the Doe
25 Defendants will be dismissed.

26 **IT IS THEREFORE ORDERED:**

27 (1) Defendant the State of Arizona's Motion for Summary Judgment (Doc. # 95) is
28 **granted**. Plaintiff's medical malpractice claim against the State of Arizona is **dismissed**.

1  (2) Defendant the State of Arizona's Motion for Summary Disposition of its Motion for Summary Judgment (Doc. # 101) is **denied as moot**.

(3) The Doe Defendants are **dismissed**.

(4) The Clerk of Court is directed to enter judgment accordingly and terminate this action.

DATED this 19th day of June, 2007.

_____
Mary H. Murgia
United States District Judge